# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-2026V
UNPUBLISHED

| | |
|---|---|
| MICHELLE SHEA,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 15, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Edward M. Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On December 29, 2020, Michelle Shea filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder pain after receiving the influenza vaccine on October 14, 2019. Petition at 1, ¶¶ 2, 21. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On June 28, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On September 14, 2022, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $47,389.34, representing compensation in the amounts of $95,000.00 for her pain and suffering, $4,655.94 for her past unreimbursed expenses, and $5,733.40 for her past lost wages, offset by $58,000.00 she received to resolve a claim she had with Aurora Medical Center

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Summit and its insurance carrier as payment for items or service for which the Vaccine Program therefore is not liable. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $47,389.34, representing compensation in the amounts of $95,000.00 for her pain and suffering, $4,655.94 for her actual past unreimbursable expenses, and $5,733.40 for her actual lost wages, offset by $58,000.00 she received to resolve a claim she had with Aurora Medical Center Summit and its insurance carrier as payment for items or service for which the Vaccine Program therefore is not liable in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MICHELLE SHEA,<br><br>        Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>        Respondent. | No. 20-2026V (ECF)<br>Chief Special Master Corcoran |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On December 29, 2020, Michelle Shea ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that she suffered "injuries" following administration of an influenza ("flu") vaccine she received on October 14, 2019.  ECF No. 1.  On June 27, 2022, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined by the Vaccine Injury Table, and, that same day, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 33; ECF No. 34.

**I.    Items of Compensation**

    A.    <u>Pain and Suffering</u>

Respondent proffers that compensation for petitioner's pain and suffering damages totals $95,000.00.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that compensation for petitioner's past unreimbursable expenses totals $4,655.94. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C. <u>Lost Wages</u>

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury. Respondent proffers that compensation for petitioner's past lost wages totals $5,733.40. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Offset**

Evidence supplied by petitioner documents that she received a lump sum of $58,000.00 to resolve a claim she had with Aurora Medical Center Summit and its insurance carrier as payment for items or services for which the Vaccine Program is not primarily liable under 42 U.S.C. § 300aa-15(g), and therefore, the $58,000.00 payment petitioner received is an offset to her Vaccine Program award. *See* 42 U.S.C. § 300aa-15(g). Petitioner agrees.

**III.   Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and

the Court's judgment award the following[1]: a lump sum payment of $47,389.34, in the form of a check payable to petitioner.

IV. **Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner, Michelle Shea: $47,389.34

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

TRACI R. PATTON
Assistant Director
Torts Branch, Civil Division

s/Sarah B. Rifkin
SARAH B. RIFKIN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-5997
Sarah.Rifkin@usdoj.gov

Dated: September 14, 2022

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

3